**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marvin Steven FLORES–BENITEZ,
Defendant–Appellant.**

No. 03–40293.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2004.

James Lee Turner, Assistant US Attor-
ney, Jeffery Alan Babcock, US Attorney's
Office, Houston, TX, for Plaintiff–Appellee.

---

**396**

Roland E Dahlin, II, Federal Public Defender, Molly E Odom, Carlos M Alaniz, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM.*

Marvin Steven Flores–Benitez appeals the sentence he received following his guilty-plea conviction for illegally reentering the United States after deportation subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326. He argues, for the first time on appeal, that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He concedes that this argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve the issue for Supreme Court review.

*Apprendi* did not overrule *Almendarez–Torres*. *See Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). This court must follow the precedent set in *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation and citation omitted).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.